# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ, | 1:12-cv-01550-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR CLASS ACTION CERTIFICATION |
| v. | (Doc. 2.) |
| MATTHEW CATE, et al., | |
| Defendants. / | |

Plaintiff Miguel Diaz ("Plaintiff") filed this action on September 20, 2012. Plaintiff seeks certification of this litigation as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, Plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Plaintiff's privilege to appear in propria persona is a "privilege ... personal to him. He has no authority to appear as an attorney for others than himself." McShane v. U.S., 366 F.2d 286, 288 (9th Cir. 1966), citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). This action, therefore, will not be

construed as a class action and instead will be construed as an individual civil suit brought by Plaintiff.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for class action certification, filed on September 20, 2012, is DENIED.

IT IS SO ORDERED.

Dated: **December 6, 2012**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE