UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>           Plaintiff,<br><br>     vs.<br><br>MATTHEW CATE, et al.,<br><br>           Defendants. | 1:12-cv-01550-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS<br>(Docs. 4, 9.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.     BACKGROUND**

Miguel Diaz ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 20, 2012. (Doc. 1.) On September 21, 2012, the Court mailed Plaintiff a form (consent/decline form), together with an order requiring Plaintiff to complete and return the form to the Court within thirty days, indicating whether he consents to or declines the jurisdiction of a Magistrate Judge in this action. (Doc. 4.) The thirty day deadline expired, and Plaintiff did not submit the required form or otherwise respond to the Court's order. (Court Record.) On November 8, 2012, the Court mailed Plaintiff another consent/decline form, together with an order requiring him to return the signed form within thirty days. (Doc. 9.)

///

The second thirty day deadline expired, and Plaintiff has not submitted the form or otherwise responded to the Court's order. (Court Record.)

## II. DISMISSAL OF ACTION FOR FAILURE TO COMPLY

In determining whether to dismiss this action for failure to comply with the directives set forth in its orders, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since September 2012. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not participate in his lawsuit by indicating whether he consents to or declines Magistrate jurisdiction. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### IV.    CONCLUSION AND RECOMMENDATIONS

Accordingly, the court **HEREBY RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey the court's orders of September 21, 2012 and November 8, 2012.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **May 1, 2013**                              **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE